JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 10-632 PA (RZx) | Date | May 12, 2010 |
|---|---|---|---|
| Title | Danny Miranda v. Weaver Popcorn Company, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Weaver Popcorn Company, Inc. ("Defendant"). Defendant asserts that federal jurisdiction exists on the basis of diversity of citizenship pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Suits filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

The "burden of establishing federal subject matter jurisdiction is on the party seeking removal . . . ." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "[F]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). CAFA does not shift the burdens normally applied to removal actions. "[U]nder CAFA, the burden of establishing removal jurisdiction remains . . . on the proponent of federal jurisdiction." Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006). If the jurisdictional facts of the party asserting jurisdiction are challenged, the burden falls on the party asserting federal jurisdiction to provide competent proof. McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936); Industrial Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). "The removal statute is strictly construed against removal jurisdiction and any doubt must be resolved in favor of remand." Hofler v. Aetna US Healthcare, 296 F.3d 764, 767 (9th Cir. 2002); Miedema v. Maytag Corp., 450 F.3d 1322, 1328-29 (11th Cir. 2006) (holding that the principles of strict, narrow construction apply equally to cases removed pursuant to CAFA); see also Buller Trucking Co. v. Owner Operator Indep. Driver Risk Retention Group, Inc., 461 F. Supp. 2d 768, 775 (S.D. Ill. 2006) (stating that"CAFA is to be interpreted in a manner consistent with pre-CAFA federal law and is presumed not to alter traditional rules governing removal, save to the extent it does so explicitly") (collecting cases).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 10-632 PA (RZx) | Date | May 12, 2010 |
|---|---|---|---|
| Title | Danny Miranda v. Weaver Popcorn Company, Inc. | | |

     To establish diversity jurisdiction pursuant to CAFA, the removing party must demonstrate, at a minimum, that at least one plaintiff and one defendant are citizens of different states and that the aggregate amount in controversy exceeds $5 million, exclusive of interests and costs.  See 28 U.S.C. § 1332(c), Abrego Abrego, 443 F.3d at 680 & 685.  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  Further, when a plaintiff fails to plead a specific amount of damages, the defendant "must prove by a preponderance of the evidence that the amount in controversy requirement has been met."  Abrego Abrego, 443 F.3d at 683; Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 998 (9th Cir. 2007 ) (when the plaintiff does not specify an amount of damages in class action lawsuit, for removal purposes, "Defendant must prove by a preponderance of the evidence that the damages claimed exceed $5,000,000").  To make this determination, the court should consider, in addition to the complaint itself, "facts in the removal petition and . . . summary judgment-type evidence relevant to the amount in controversy at the time of removal."  Abrego Abrego, 443 F.3d at 690 (quoting Singer v. State Farm Mutual Ins. Co., 116 F.3d 373, 377 (9th Cir.1997) (internal quotations omitted)).

     Here, the Complaint is silent as to the amount in controversy.  Defendant's Notice of Removal, however, alleges that the putative class has "requested relief in excess of, or at the least equal to, the dollar value of Weaver's sales of Pop Weaver brand Butter, Light Butter, and Extra Butter microwave popcorn since August 1, 2007, to persons residing in California.  In other words, the request for restitution relief at a minimum is a request for Weaver to reimburse the plaintiff and the putative class members an amount equal to the amount they spent purchasing the popcorn at issue." (Notice of Removal, ¶ 13.)  The Notice of Removal further alleges:  "Based on Weaver's sales to the putative class and the requested relief, the amount in controversy exceeds $5,000,000, as the putative class has purchased more than $5,000,000 worth of Weaver's products since August 2007."  (Id., ¶ 14.)  The Notice of Removal's allegations concerning the amount in controversy are not supported by "summary judgment-type evidence," nor has Defendant otherwise supported its conclusory allegations concerning the amount in controversy.  Abrego Abrego, 443 F.3d at 690.  Moreover, contrary to Defendant's allegation that the putative class has requested relief "at the least equal to . . . the dollar value of Weaver's sales . . . since August 1, 2007, to persons residing in California," the Complaint's prayer for relief seeks only an "order requiring Defendant to pay restitution to Plaintiff and all members of the Class."  Contrary to Defendant's assertion, it is therefore unclear, based on the prayer for relief, if plaintiff seeks full restitution of all amounts paid, or some lesser amount.  Defendant has therefore not proven by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.[1]

---

     [1]     Paragraph 73 of the Complaint, in which plaintiff seeks "such orders or judgments as may be necessary to restore any person in interest any money which may have been acquired by means of such unfair business practices," does not change this analysis.  The Notice of Removal alleges only that the putative class has purchased more than $5,000,000 worth of popcorn, it provides no facts concerning the amount of money Defendant "acquired by means of such unfair business practices."

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 10-632 PA (RZx) | Date | May 12, 2010 |
|---|---|---|---|
| Title | Danny Miranda v. Weaver Popcorn Company, Inc. | | |

    For all of the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over this action.  The Court therefore remands this action to San Bernardino Superior Court, Case No. CIVDS 1003481.

    IT IS SO ORDERED.